# UNITED STATES DISTRICT COURT
# DISTRICT OF MARYLAND

ANDRE STUBBS,

   Petitioner,

v.

JOHN S. WOLFE,

   Respondent.

Civil Action No. TDC-17-3555

## MEMORANDUM OPINION

Petitioner Andre Stubbs, an inmate at the Dorsey Run Correctional Facility in Jessup, Maryland, has filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Stubbs, who is self-represented, challenges his 2005 sentences in the Circuit Court for Baltimore City, Maryland for vehicular manslaughter and robbery. The Petition is fully briefed. Upon review of the submitted materials, the Court finds a hearing unnecessary. *See* Rule 8(a), Rules Governing Section 2254 Cases in the United States District Courts; D. Md. Local R. 105.6. For the reasons set forth below, the Petition will be DISMISSED.

## BACKGROUND

### I. Federal and State Sentences

On January 5, 2004, Stubbs pleaded guilty in the United States District Court for the District of Maryland to a federal charge of bank robbery. The Court (Quarles, J.) sentenced Stubbs to a term of 188 months of imprisonment for the offense and recommended that the sentence run concurrently with a two-year sentence, with one year and four months suspended, for second-degree assault imposed by the District Court for Anne Arundel County, Maryland.

One year later, on January 4, 2005, Stubbs pleaded guilty in the Circuit Court for Baltimore City ("Circuit Court") to vehicular manslaughter, Case No. 104121005, and an unrelated robbery offense, Case No. 204058006. On the same day, Stubbs was sentenced to 10 years of imprisonment on the vehicular manslaughter conviction and 12 years on the robbery conviction, with these sentences to run concurrently with each other, but to run consecutively to "the bank robbery conviction in Federal Court under Case No. WDQ0303050 in which [Stubbs] is serving a 188 month sentence." Guilty Plea Hrg. Tr. at 30-31, Ans. Ex. 2, ECF No. 4-2. The Circuit Court summarized the sentences as follows: "The total sentence is 12 years consecutive to the time he is now doing in Federal Court for bank robbery which totals 188 months." *Id.* at 31. Stubbs did not seek leave to appeal his January 4, 2005 state convictions.

After sentencing, the Circuit Court issued a commitment record, dated January 4, 2005, stating that the vehicular manslaughter and robbery sentences were to be served consecutive to "the last sentence to expire of all outstanding and unserved Maryland sentences." Commitment Record at 1, Pet. Ex. G-1, ECF No. 1-7. The next day, on January 5, 2005, a revised commitment record, referred to as a sentencing modification superseding the January 4 commitment record, was issued stating that the sentences were to run consecutive to an unidentified Baltimore County sentence. On July 13, 2007, the Circuit Court issued another commitment record, which superseded the previous ones, stating that the state sentences for vehicular manslaughter and robbery were to run "consecutive to the sentence imposed in "Federal Case #[W]DQ0303050." Commitment Records at 3, Pet. Ex. G-3, ECF No. 1-7.

## II. Federal Habeas Petitions

Stubbs has filed three other habeas petitions in this Court, two of which provide additional context about the claims presently under review. *See Anderson v. Fed. Deposit Ins. Corp.*, 918

F.2d 1139, 1141 n.1 (4th Cir. 1990) (stating that a court may take judicial notice of its own records). On June 3, 2009, Stubbs filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, challenging his federal bank robbery and state vehicular manslaughter and robbery sentences as violations of his rights under the Interstate Agreement on Detainers, 18 U.S.C. App. 2, and seeking his immediate release. *Stubbs v. Maryland*, WDQ-09-1461 (D. Md. 2010). Stubbs argued that because, after the imposition of his state sentence, he was never sent to a federal prison, but was instead left in state custody, his federal sentence was no longer valid. On May 19, 2010, the petition was dismissed without prejudice for failure to exhaust state remedies.

On July 28, 2010, Stubbs filed a federal habeas petition pursuant to 28 U.S.C. § 2241. *Stubbs v. United States*, No. WDQ-10-2089 (D. Md. 2011). In that petition, Stubbs requested, among other relief, that the court order his federal and state sentences to run concurrently because, he claimed, the state judge had intended for the state sentences to be served concurrently with the federal sentence. On August 31, 2011, the petition was denied. The court noted that the Bureau of Prisons had designated Stubbs to serve his federal sentence in a Maryland facility, that Stubbs had already received credit toward his federal sentence dating back to January 5, 2004, and that therefore his federal sentence had been properly computed and credited. To the extent that Stubbs claimed that his state sentences must run concurrently to the federal sentence, the court ruled that he needed to exhaust that claim by first presenting it to state authorities before asserting it in a federal habeas petition.

### III. Motion to Correct an Illegal Sentence

Meanwhile, on May 11, 2010, Stubbs filed a Motion to Correct an Illegal Sentence, asserting that he should have been given credit against his state sentence for the time he served toward his federal sentence and that the July 13, 2007 commitment record issued by the Circuit

Court illegally increased his sentence. The Circuit Court denied the Motion on June 17, 2010. Stubbs appealed to the Court of Special Appeals, presenting the question whether the Circuit Court had imposed an illegal sentence by issuing a commitment order that effectively increased the length of his sentence without affording him notice and opportunity to be heard.

On December 10, 2013, the Court of Special Appeals affirmed the Circuit Court's denial of Stubbs's Motion to Correct an Illegal Sentence. In so ruling, the court found that "the original commitment record was inconsistent with the sentence imposed by the court." App. Op. at 3, Ans. Ex. 3, ECF No. 4-3. Because the sentencing transcript controls over inconsistent docket entries and similar records, *see Turner v. State*, 956 A.2d 820, 829 (Md. Ct. Spec. App. 2008), the court held that the July 13, 2007 commitment record "did nothing more than correct the previous erroneous commitment records," was not a modification of the sentence, and did not cause an increase in the length of Stubbs's sentences. App. Op. at 3-5. The mandate issued on January 9, 2014. Stubbs sought no further review. Stubbs filed this Petition for federal habeas relief on November 27, 2017. *See Houston v. Lack*, 487 U.S. 266, 276 (1988) (holding that a prisoner's submission is deemed to have been filed on the date it was deposited in the prison mailing system).

## DISCUSSION

In a Limited Answer, Respondent argues that the Petition should be dismissed as time-barred because it was filed after the expiration of the one-year limitations period under 28 U.S.C. § 2244(d).

**I.    Statute of Limitations**

A one-year statute of limitations applies to federal habeas petitions in non-capital cases filed by a person convicted in state court. *See* 28 U.S.C. § 2244(d) (2018). Specifically:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

*Id.*

Stubbs did not seek leave to appeal his January 4, 2005 convictions. Therefore, the convictions became final for the purpose of direct appeal on February 3, 2005. *See* Md. Rule 8-204(b) (stating that an application for leave to appeal to the Court of Special Appeals of Maryland must be filed within 30 days after entry of judgment). Stubbs took no action for over four years, until he filed a petition for a writ of habeas corpus arguably related to this case. From the date that his conviction became final, more than five years elapsed before Stubbs filed the Motion to Correct an Illegal Sentence on May 11, 2010.

To the extent that Stubbs argues that the alleged harm—the modification of his sentence without notice and an opportunity to be heard—did not occur until the issuance of the 2007 commitment record, Stubbs's challenge to that action ended when his appeal of the Motion to

5

Correct an Illegal Sentence became final on January 24, 2014. *See* Md. Rule 8-302(a) (providing that a petition for a writ of certiorari must be filed within 15 days after the mandate). From that point forward, more than three years passed before Stubbs filed the present Petition on November 26, 2017. During that period, there were no proceedings pending in state court to statutorily toll the limitations period. Accordingly, the Petition is time-barred.

Under certain circumstances the statute of limitations for habeas petitions may be subject to equitable tolling. *See, e.g., Harris v. Hutchinson*, 209 F.3d 325, 328 (4th Cir. 2000); *United States v. Prescott*, 221 F.3d 686, 687-88 (4th Cir. 2000). A petitioner seeking equitable tolling must show that (1) extraordinary circumstances, (2) beyond the petitioner's control or external to the petitioner's own conduct, (3) prevented timely filing of a petition. *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003) (en banc). Furthermore, to be entitled to equitable tolling a petitioner must have been "pursuing his rights diligently." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). If "the person seeking equitable tolling has not exercised reasonable diligence in attempting to file after the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances therefore did not prevent timely filing." *Valverde v. Stinson*, 224 F.3d 129, 134 (2d Cir. 2000).

Stubbs has not identified any "extraordinary circumstances" beyond his control or external to his own conduct that prevented him from timely filing this Petition. In his Reply, Stubbs argues that the Petition is timely because it is only recently, on June 3, 2017 by his calculation, that both his federal and state sentences should have ended, such that his continued incarceration is now unlawful. In support, he has submitted a copy of a letter from the Bureau of Prisons ("BOP"), dated May 29, 2009, which states that the federal district court recommended that his federal

sentence run concurrently with his state sentence, and to make this possible, the BOP designated him to serve his sentence in a Maryland Department of Corrections facility. Where Stubbs made the argument that his sentences were actually imposed concurrently in his Motion to Correct an Illegal Sentence, and the Maryland Court of Special Appeals rejected it, Stubbs has offered no justification for his failure to seek further relief within the requisite time limits. Moreover, where the sentencing transcript conclusively establishes that the state sentences were imposed consecutively to the federal sentence, he has offered no basis to support a claim that he is actually being held beyond the lawfully imposed terms of his sentences. Having identified no basis for equitable tolling, the Petition will be dismissed as untimely.

## II.     Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2254 provides that the district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant" on a § 2254 petition. Because the accompanying Order is a final order adverse to the applicant, Stubbs must receive a certificate of appealability before an appeal may proceed. 28 U.S.C. § 2253(c)(1). When a petition is denied on procedural grounds, the petitioner meets the standard with a showing that reasonable jurists "would find it debatable whether the petition states a valid claim of the denial of a constitutional right" and "whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Stubbs's claims are dismissed on procedural grounds, and, upon review of the record, this Court finds that he has not made the requisite showing. The Court therefore declines to issue a certificate of appealability. Stubbs may still request that the United States Court of Appeals for the Fourth Circuit issue such a certificate. *See* Fed. R. App. P. 22(b); *Lyons v. Lee*, 316 F.3d 528, 532 (4th Cir. 2003) (considering whether to grant a certificate of appealability after the district court declined to issue one).

## CONCLUSION

For the foregoing reasons, the Petition for a Writ of Habeas Corpus will be DISMISSED. The Court declines to issue a certificate of appealability. A separate Order shall issue.

Date: January 2, 2020

THEODORE D. CHUANG
United States District Judge